IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANGELA BAXTER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No.: 3:08-CV-00957-B |
| | § | |
| GOVERNMENT EMPLOYEES INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO STRIKE

TO THE HONORABLE JUDGE JANE J. BOYLE:

Plaintiff Angela Baxter hereby responds to Defendant Government Employees Insurance Company's ("GEICO") Objections and Motion to Strike Plaintiff's Summary Judgment Evidence. [Dkt. 38]. The statements in Baxter's affidavit are not conclusory because they are supported by facts in the record. Defendant's hearsay and authentication objections to Exhibits B, E, F, and G are also unfounded. The exhibits were authenticated in Baxter's affidavit, and the documents they consist of are not, and do not contain, hearsay statements.

**I.    CONCLUSORY AND "SUBJECTIVE OPINION" OBJECTIONS.**

GEICO claims that several of the statements in Baxter's affidavit are "opinion testimony," "based on Plaintiff's subjective belief," "speculative," or "conclusory." DEF. MOT., 4-5 [Dkt. 38]. GEICO also claims that several factual statements in the affidavit are not based on Baxter's personal knowledge. *Id.* Though stated as separate grounds, all of these objections derive from the requirement that summary judgment affidavits set out facts that would be admissible in evidence, and that are based on the affiant's personal knowledge. F. RULE CIV. PRO. 56(e). The requirement

in Rule 56(e) that the affiant set forth "specific facts" is designed to prevent the allegations in the complaints from simply being reiterated in the form of an affidavit. *Lujan v. Nat'l Wildlife Fed'n.*, 497 U.S. 871, 888 (1990). Statements are conclusory when they simply recite statutory elements. *Cooper Cameron Corp. V. U.S. Dept. of Labor,* 280 F.3d 539, 543 (5th Cir. 2002). Opinions and conclusions are admissible as long as they are "rationally based on the perception of the witness." F. RULE. EV. 701. *Accord, U.S. v. Cantu*, 167 F.3d 198 (5th Cir. 1999) ("Personal knowledge of witness can include inferences and opinions, so long as they are grounded in personal observations and experience.")

A witness may testify as to the motivation or intent of another person if the witness has an adequate basis for her opinion. *See, e.g. Hansard v. Pepsi-Cola Metropolitan Bottling Co.*, 865 F.2d 1461, 1466-67 (5th Cir.1989), *cert. denied*, 493 U.S. 842 (1989) (allowing lay witness to testify concerning motivation for plaintiff's employment termination); *Bohannon v. Pegelow*, 652 F.2d 729, 732 (7th Cir.1981) (permitting witness who had observed arrest to testify that she believed arrest was motivated by racial prejudice).*U.S. v. Morrow*, 177 F.3d 272 (5th Cir. 1999) (admitting opinion testimony that bank president's disapproval of short down payments was "just a show," since the testimony was based on personal knowledge of surrounding events).

All of the statements in Baxter's affidavit are rationally based on facts within her personal knowledge, and are supported by evidence in the summary judgment record:

| Objected-to Statement | Facts in Baxter's Personal Knowledge Which Form a Rational Basis for the Statement | Corresponding Summary Judgment Evidence |
|---|---|---|
| ¶ 2: "Under GEICO's criteria for calculating FMLA, my annual leave expired the work day before the day I was terminated."<br><br>¶ 8: "The annual amount of my FMLA leave, using GEICO's criteria, expired on Friday, June 23, 2006." | These statements[1] are based on Baxter's personal knowledge of:<br><br>(1) the process for calculating FMLA leave at GEICO, which she learned as a natural result of being an employee at GEICO who requested and took FMLA leave;<br><br>(2) statements made to her by GEICO employees; and<br><br>(3) the dates and times of her absences during 2005 and 2006. | (1) March 23, 2009 Deposition of Sandra Robinson, pgs. 10-13. *Ex. F* [Dkt. 43-2].<br><br>(2) Baxter's attendance records for 2005-06. *Ex. E.* [Dkt. 43-2]. |
| ¶ 3: "...other adjusters had been working at my desk, including Hohmann." | This statement is based on Baxter's personal knowledge of:<br><br>(1) the typical practice when adjusters were absent (to have "floaters" work the absent adjuster's files), which she learned through her personal experiences as a GEICO employee;<br><br>(2) statements made by GEICO employees;<br><br>(3) the statement made to her by Bill Hohmann that he would work her files for her while she was absent; and<br><br>(4) her observation that items on her desk had been moved when she returned from medical leave. | (1) March 23, 2009 Deposition of Bill Hohmann, pg. 46 (lines 1-14). *Ex. G* [Dkt. 43-3]<br><br>(2) *Id.,* at pg. 47 (lines 11-15). |

---

[1] In her response to GEICO's Motion for Summary Judgment, Baxter amended these statements. Her twelve weeks (465 hours) of FMLA leave expired on June 5, 2006.

| | | |
|---|---|---|
| ¶ 4: "GEICO...relied solely on information provided by Hohmann and Sigler...without conducting any independent investigation or interviewing me." | This statement is based on Baxter's personal knowledge that nobody from GEICO ever approached or questioned her about the allegations against her except for the June 26, 2006 meeting in which her supervisors (Hohmann and Sigler) initially accused her of mishandling mail. | (1) March 24, 2009 Deposition of Carrie Sigler, pg. 33 (lines 5-16). *Ex. H* [Dkt. 43-3]. <br><br> (2) March 24, 2009 Deposition of Deborah Smith, pgs. 48-49, 57-59, 65, 67. *Ex. I* [Dkt. 43-3]. |
| ¶ 5: "GEICO...gave each of the managers goals for the number of claim files to be worked under their supervision and a budget within which to operate." | Baxter's knowledge of this fact is based on her experiences as a claims adjuster at GEICO, as well as GEICO's statements. | (1) Sigler Deposition, pg. 56-57 *Ex. H* [Dkt. 43-3] <br><br> (2) Declaration of William Bishop. [Dkt. 43-3 at pg. 31] |
| ¶ 5: "The pressure upon managers to meet these goals flowed down on the adjusters, who were pressured not to be absent." | Baxter's knowledge of this fact is based on her experiences as a claims adjuster at GEICO, as well as GEICO's statements. | (1) Sigler Deposition, pg. 56-57 *Ex. H* [Dkt. 43-3] <br><br> (2) Declaration of William Bishop [Dkt. 43-3 at pg. 31] |
| ¶ 5: "Excessive absences caused managers such as Hohmann and Sigler to be upset with adjusters." | Baxter's knowledge of this fact is based on her experiences as a claims adjuster at GEICO, as well as GEICO's statements. | Declaration of William Bishop. [Dkt. 43-3 at pg. 31]. |
| ¶ 8: "...I was fired under manufactured reasons." <br><br> ¶ 9: "I did nothing that would have caused GIECO to terminate me." | These statements are based on Baxter's personal knowledge that the stated reason for her termination (that she mishandled mail) is false. | Baxter Declaration: "GEICO falsely accused me of having placed in a trash recycle container important documents that should not have been discarded." *Ex. I* [Dkt. 26-2]. |

| | | |
|---|---|---|
| ¶ 9: "I mitigated my damages by diligently searching and obtaining a claims adjuster position with another company." | This statement is based on Baxter's personal knowledge of her own job search efforts following her termination and of her success in finding a new job. | Angela Baxter's Job Search Records.<br><br>*Ex. B* [Dkt. 26-2]. |

### III.  AUTHENTICATION OBJECTIONS.

Authentication is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims. F. RULE. EVID. 901(a). The "sufficient to support a finding" standard is not exacting. *McConathy v. Dr. Pepper/Seven Up Corp.*, 131 F.3d 558, 562 (5th Cir. 1997) (Rule 901 "does not require conclusive proof of authenticity"). Evidence should be admitted unless the showing as to authenticity is so weak that no reasonable juror could consider the evidence to be what its proponent claims it to be. *See* 31 *Wright, Miller, et al.*, FED. PRAC. & PROC. § 7104 (Civ. 3d ed. 2009).

To be admissible as summary judgment evidence, documents must be authenticated by an affidavit. *Helen of Troy, L.P. v. Zotos Corp.*, 235 F.R.D. 634, 639 (W.D.Tex. 2006). An affidavit from a witness with personal knowledge of the evidence, stating that the evidence is what it is claimed to be, is sufficient. FED. R. EVID. 901(b)(1). Baxter has testified under penalty of perjury that all of the exhibits in her appendix are true and correct copies of original documents. *Baxter Declaration* [Dkt. 26-2, at pg. 59]. The appearance, contents, substance, or other distinctive characteristics of evidence, taken in conjunction with circumstances, can also serve to authenticate documents. F. RULE EVID. 901(b)(4). Nearly all of the documents in Exhibits E, F and G are composed on GEICO letterhead or forms, and are signed and dated by Baxter's supervisors. Those documents that are not signed by a GEICO supervisor are signed and dated by a GEICO customer.

IV.    HEARSAY OBJECTIONS

GEICO complains that documents in Baxter's Exhibits B, E, F, and G contain hearsay, although it fails to specifically identify any document or statement which it finds objectionable. DEF. MOT. [Dkt. 38], pg. 5. Hearsay is a statement "offered in evidence to prove the truth of the matter asserted." FED. R. EVID. 801(c). A "statement" includes a written assertion. FED. R. EVID. 801(a). Statements in the objected-to documents which were made or adopted by the party opponent (GEICO) are not hearsay. FED. R. EVID. 801(d)(2). None of the documents in Exhibits B, E, F, and G are hearsay because they: (1) are not statements, (2) are not offered to prove the truth of the matter they assert, or (3) are statements made or adopted by GEICO.

<u>Exhibit B</u> contains a list of e-mails sent or received by Baxter. It includes job applications that Baxter submitted via e-mail, as well as employer responses to her applications. Each email is a separate entry in the list, and each entry shows the e-mail's date, sender, and subject. Baxter has produced complete copies of each e-mail on the list to GEICO. Exhibit B is a summary of writings or recordings. The admissibility of such evidence is governed by Federal Rules of Evidence 1001-1008. Rule 1006 permits the contents of voluminous writings and recordings which cannot conveniently be examined in court to be presented in the form of a chart. As GEICO is certainly aware, Exhibit B summarizes nearly 500 pages of cumbersome documents. Duplicates of these full documents have already been produced to GEICO, as required by Rule 1006. If the Court deems it necessary, it may order that the same be produced in court. FED. R. EVID. 1006. Exhibit B is not, however, a statement or assertion. It is therefore not subject to the hearsay rule.

<u>Exhibit E</u> consists of copies of several awards given to Baxter by GEICO during her employment with GEICO. To the extent that these documents are "statements," they are not offered

to prove the truth of the matters they assert (i.e., that Baxter made "outstanding efforts," went "above and beyond," completed certain educational courses, or made a "lasting contribution," etc.). Rather, they are offered to show that Baxter's supervisors at GEICO believed that she had earned the accolade, award, or recognition. These documents demonstrate that except for Bill Hohmann's allegation that she mishandled mail, Baxter's supervisors believed that she was not only competent, but worthy of special recognition. The documents in Exhibit E are also exempt from the hearsay rule because they are admissions of a party opponent. The awards and accolades are offered against GEICO, and consist of statements made by GEICO employees concerning a matter within the scope of employment, made during the course of employment. *See* FED. R. EVID. 801(d)(2)(D).

    <u>Exhibit F</u> consists of copies of several letters sent to Baxter by her supervisors. The purpose of these letters was to inform Baxter that a GEICO customer had recently complimented her service, and to congratulate her on the compliment. In some, but not all, of the letters, Baxter's supervisor attached a copy of the compliment. Every letter in Exhibit F is dated and signed by one of Baxter's supervisors, and contains a note such as: "keep up the good work," "yeah!" or "thank you for assisting our customer in such a professional manner." All of these documents are exempt from the hearsay rule because they are admissions of a party-opponent. Although initially made by a third party, GEICO adopted or manifested a belief in the truth of the statements asserted in Exhibit F. FED. R. EVID. 801(d)(2)(B). Exhibit F is also offered to prove that the compliments were made, and that Baxter's supervisors shared the compliments with her. For that purpose, the documents in Exhibit F are exempted from the hearsay rule because they are not offered to prove the truth of the matters they assert. FED. R. EVID. 801(c).

Exhibit G contains samples of some of Baxter's employee examinations, appraisals, and reports. Like the documents in Exhibit E, these documents are primarily offered to prove that a certain grade, rank, or evaluation was given (i.e., not to show that Baxter in fact was "doing an excellent job," was "an excellent student," or was "willing to go the extra mile,"). Because they are not offered to prove the truth of the matters they assert, these documents are exempted from the hearsay rule. These documents are also admissions of a party opponent. They are offered against GEICO, and contain statments, in the form of comments, grades, and written evaluations, made or adopted by GEICO, or by one of its employees. *See discussions supra;* FED. R. EVID. 801(d)(2).

WHEREFORE, because Baxter's affidavit statements are of or rationally derived from facts within her personal knowledge, and because GEICO's broad objections to Baxter's properly authenticated summary judgment evidence are unfounded, Baxter respectfully requests that this court deny GEICO's Motion to Strike Plaintiff's Summary Judgment Evidence.

Respectfully Submitted,

SANFORDBETHUNE

BY:   */s/ Ashley E. Tremain*
     BRIAN P. SANFORD
     Texas Bar No. 17630700
     ASHLEY E. TREMAIN
     Texas Bar No. 24066209

3610 Shire Blvd. Suite 206
Richardson, Texas 75082
Ph:   (972) 422-9777
Fax: (972) 422-9733

**ATTORNEYS FOR PLAINTIFF
ANGELA BAXTER**

## CERTIFICATE OF SERVICE

    I hereby certify that on May 20, 2009, I filed the foregoing document electronically through this court's CM/ECF system, which caused defendant to be served through electronic means, as reflected in the electronic notice of filing, by and through its counsel of record.

                                            /s/ *Ashley E. Tremain*