UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANGELA BAXTER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:08-CV-0957-B |
| | § | |
| GOVERNMENT EMPLOYEES INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM ORDER

Before the Court is Defendant's Objections To and Motion To Strike Plaintiff's Summary Judgment Evidence and Brief in Support (doc. 48). For the reasons stated below, the Court finds the Motion should be and hereby is **DENIED** (doc. 48).

### I.

### BACKGROUND

Plaintiff Angela Baxter ("Baxter") filed this action against Defendant Government Employees Insurance Company ("GEICO") on June 6, 2008, alleging violations of the Family Medical Leave Act, 29 U.S.C. 2601, *et seq.* ("FMLA") and Chapter 451 of the Texas Labor Code. (*See generally* Compl.) In her Complaint, Baxter alleges she was wrongfully terminated by GEICO in retaliation for taking medical leave under the FMLA and for exercising her rights under the Texas Labor Code provisions pertaining to worker's compensation claims. (Compl. ¶ 14-20.) In its Amended Answer, GEICO denies Baxter's allegations and asserts various affirmative defenses. (*See generally* Am. Answer.)

- 1 -

On April 10, 2009, GEICO filed a Motion for Summary Judgment (doc. 28) as to all claims asserted by Baxter. On May 5, 2009, Baxter filed her Response to GEICO's Motion for Summary Judgment (doc. 42) which included an appendix containing evidentiary support. On May 20, 2009, GEICO filed its Objections To and Motion To Strike Plaintiff's Summary Judgment Evidence (doc. 48) ("Defendant's Motion to Strike"). In its Motion to Strike, GEICO moves the Court to strike the following items as impermissible evidence: Baxter's declaration, the declaration of third-party witness William Richard Bishop, a document identified as an attachment to Baxter's deposition transcript and a settlement communication letter from Baxter's counsel. Having considered the Motion and GEICO's responsive briefing, the Court turns to the merits of its decision beginning with an analysis of the admissibility of Baxter's declaration.

## II.

## BAXTER'S DECLARATION

### A. Legal Standard for Admissibility of Affidavits as Summary Judgment Evidence

The question of whether an affidavit is competent summary judgment evidence begins and ends with the requirements of Federal Rule of Civil Procedure 56(e). *Richardson v. Oldham*, 12 F.3d 1373, 1379 (5th Cir. 1994). Rule 56(e) provides in relevant part that "[a] supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence and show that the affiant is competent to testify on the matters stated." Notably, the object of Rule 56 is not to replace conclusory allegations of the complaint with conclusory allegations of an affidavit. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990) (citations omitted). Rather, Rule 56(e) requires that affidavits opposing a summary judgment be specific.

*Richardson*, 12 F.3d at 1378. Affidavits asserting personal knowledge must include enough factual support to show that the affiant possesses that knowledge. *Amie v. El Paso Ind. School Dist.*, 253 F. App'x 447, 451 (5th Cir. 2007)(quoting *El Deeb v. Univ. of Minn.*, 60 F.3d 423, 428 (8th Cir. 1995)). As such, a summary assertion or conclusory allegation in an affidavit is simply not enough proof to raise a genuine issue of material fact. *Id.* (citing *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992); *First Colony Life Ins. Co. v. Sanford*, 555 F.3d 177, 181 (5th Cir. 2009)).

Further, for the Court to consider summary judgment evidence, the evidence must be of the type that would be admissible at the time of trial. *Joe Regueira, Inc. v. Am. Distilling Co.*, 642 F.2d 826, 829 (5th Cir. 1981). In looking at an individual's own statements, a declarant's opinions and conclusions are admissible as long as they are "rationally based on the perception of the witness." *United States v. Cantu*, 167 F.3d 198, 204 (5th Cir. 1999)(citing Fed. R. Evid. 602). Courts have often permitted lay witnesses to express opinions about the motivation or intent of a particular person if the witness had an adequate opportunity to observe the underlying circumstances. *Hansard v. Pepsi-Cola Metro. Bottling Co., Inc.*, 865 F.2d 1461, 1466-67 (5th Cir. 1989).

**B. Analysis**

In its Motion to Strike, GEICO moves to strike certain portions of Baxter's declaration. Specifically, GEICO lists objections as to ¶¶ 2, 3, 4, 5, 6, 7, 8, 9, 12, 15, 16, 18, 21, 22, 23, 24 and 25. (Def.'s Mot. to Strike 8-9.) For each paragraph to which GEICO objects, GEICO lists specific evidentiary objections including that the evidence constitutes opinion testimony, is not based on personal knowledge, lacks foundation, is a statement based on Plaintiff's subjective

belief, is speculative, is conclusory, constitutes a legal conclusion, lacks relevance, is vague and/or contradicts deposition testimony. (*Id.*)

Having reviewed each objection separately, the Court finds that the affidavit is admissible and therefore should remain part of the summary judgment record. Baxter's declaration consists of statements rationally based on Baxter's own perception. Baxter's statements concerning the motivation of others appear to be rationally based on her own observations of underlying circumstances. The Court finds the declaration provides adequate factual support that it is based on Baxter's personal knowledge.

Further, the Court finds the statements are not speculative, conclusory, irrelevant or unduly vague, do not constitute legal conclusions and do not contradict deposition testimony. Accordingly, the Court finds Defendant's Motion to Strike as to Baxter's declaration should be **DENIED**.

## III.

## REMAINING EVIDENCE IN QUESTION

GEICO additionally moves to strike the following items as impermissible evidence: the declaration of third-party witness William Richard Bishop, a document identified as an attachment to Baxter's deposition transcript and a settlement communication letter from Baxter's counsel. The Court finds such evidence as proffered fails to benefit Baxter in her Response to Defendant's Motion for Summary Judgment. Accordingly, Defendant's Motion to Strike as to the remaining evidence is **DENIED** as moot.

## IV.

## CONCLUSION

Having considered Defendant's Motion to Strike, the Court finds it should be and hereby is **DENIED** (doc. 48).

**SO ORDERED.**

**DATED** September 4, 2009

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE